ART METAL WORKS, Inc., et al. v. WALLING, Adm'r, Wage and Hour Division, Dept. of Labor.

No. 8119.

United States Court of Appeals for the District of Columbia.

Argued April 13, 1942.

Decided June 15, 1942.

jewelry, in the ordinary sense of the word. They complain of the inclusion of base-metal cigarette cases and lighters, not embellished with precious stones, in the "jewelry manufacturing industry," for which the order in suit establishes a minimum wage of 40 cents an hour. They ask that this inclusion be declared void as unsupported by evidence.

"The inclusion of a given product in one industry or another, where both are subject to the Act, principally concerns convenience in administering the Act. For the provisions for classification with appropriate wage differentials afford ample opportunity for fixing an appropriate wage with respect to any product whether it is placed in one industry or another." [2]

A report of the Bureau of Labor Statistics, included in the record before the Administrator, states that "a considerable proportion of the cigarette lighters and cigar and cigarette cases produced in [jewelry] plants * * * were not made of precious metals or embellished with stones." The report further states that it is "impossible to separate," in jewelry plants, employees who work on unembellished base-metal lighters and cases from those who work on the more expensive ones. The record before the Administrator also included testimony of an official of the Bureau that its wage statistics, though derived from regular jewelry plants, included "a fairly adequate sample" of the manufacture of base-metal cases and lighters, and that the inclusion or exclusion of that manufacture would not materially affect the statistics. It appears, then, that a substantial proportion of all base-metal cases and lighters are made in jewelry plants, and by workers whose wage scales conform to those of jewelry workers. Since competition between products is chiefly a matter of use and cost rather than source, these cases and lighters necessarily compete with the comparable ones which petitioners and others make in non-jewelry plants. We think the evidence supports the Administrator's finding that "cigarette lighters and cases are properly included within the definition of the Jewelry Manufacturing Industry for the purposes of the wage order for this industry." [3] Petitioners assert that a 40 cent

Mr. William Sabine, of Washington, D. C., for petitioners.

Mr. Louis Sherman, Attorney, U. S. Department of Labor, with whom Messrs. Warner W. Gardner, Solicitor, Mortimer B. Wolf, and Irving J. Levy, Assistant Solicitors, Jacob D. Hyman and Millan L. Egert, Attorneys, all of the United States Department of Labor, all of Washington, D. C., were on the brief, for respondent.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is a petition to review a wage order of the Administrator of the Wage and Hour Division. [1] Petitioners make cigarette cases, cigarette lighters, and other articles, of base metals. They make no

[1] 52 Stat. 1065, 29 U.S.C.A. § 210.
[2] Opp Cotton Mills v. Administrator, 312 U.S. 126, 149, 150, 61 S.Ct. 524, 85 L.Ed. 624.
[3] 29 U.S.C.A. § 210; Opp Cotton Mills v. Administrator, supra.

minimum wage will "curtail labor," but they point to nothing in the record which supports the assertion, and they do not question the Administrator's finding that this wage "will not substantially curtail or dislocate employment." A witness for petitioner Art Metal Works testified that only about five per cent of its employees were receiving less than 40 cents, and none less than 35 cents.

Affirmed.